**Shou Yong CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto Gonzales, Respondent.**

No. 03–41064–AG.

United States Court of Appeals, Second Circuit.

Feb. 6, 2006.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Robert G. McCampbell, United States Attorney for the Western District of Oklahoma, Steven K. Mullins, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. JOHN M. WALKER, JR., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review be GRANTED in part and DENIED in part.

Shou Yong Chen, through counsel, petitions this Court for review of the BIA's decision affirming the decision of an immigration judge ("IJ") denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

Here, the BIA upheld the IJ's determination that Chen's testimony was incredible based on the implausible nature of his testimony and the contradictory documents submitted in connection with his asylum application. Specifically, the BIA found Chen's testimony that he was able to procure certain government-issued documents, once in person, while in hiding from family planning officials to be implausible. Chen's explanation that his mother was able to receive the documents while he was evading family planning officials was also implausible. *See Secaida–Rosales*, 331 F.3d at 307 (quoting *Diallo*, 232 F.3d at 287). Because the IJ's adverse credibility finding was based on specific examples of inherently improbable testimony and "contradictory evidence," *see Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*), the BIA was not in error when it affirmed the IJ's decision. Because Chen has not satisfied the standard for granting asylum, he cannot meet the higher stan-

dard for granting withholding of removal. *See Ramsameachire,* 357 F.3d at 178.

The BIA erred, however, in determining that Chen failed to meet the standard for establishing a claim for relief under the CAT, for reasons "analogous" to his failure to establish eligibility of removal. *Id.* at 184–85 (noting that the CAT inquiry is independent of the asylum analysis and therefore the BIA's decision with respect to an alien's claims for asylum and with-holding of removal should never, in itself, be determinative of the alien's CAT claim). Because the BIA improperly denied Chen's claim for relief under the CAT, the petition is granted, and the case is re-manded to the BIA to consider Chen's claim under the CAT independently of his failure to establish the requirements for asylum. 8 C.F.R. § 208.16(c)(2); 8 C.F.R. § 208.18(a); *see also Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003). Nothing in this order should be construed to sug-gest what result the BIA should arrive at after its review of Chen's claim for relief under CAT.

For the foregoing reasons, Chen's pend-ing *motion for a stay of removal in this* petition is GRANTED. His petition inso-far as it seeks review of his denial of asylum and withholding of removal is DE-NIED; insofar as it pertains to relief un-der CAT it is remanded for further pro-ceedings consistent with this order.